**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SHARON CRADDOCK,

      Plaintiff,

v.

SOUTHEAST RESTORATION
GROUP OF GEORGIA, LLC,

    Defendant.

**JURY DEMAND**
CIVIL ACTION FILE NO:

## COMPLAINT

Plaintiff Sharon Craddock ("Plaintiff") files this Complaint against Defendant Southeast Restoration Group of Georgia, LLC ("SRG" or "Defendant") for retaliation and violation of her rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq*.

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a female adult resident citizen of Jasper, Pickens County, Georgia, and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

2.

Plaintiff, at all times relevant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

3.

Plaintiff is a person with a disability inasmuch as she has an impairment causing limitations in one or more major life activities, she has a record of disability, and because Defendant regarded her as having an impairment.

4.

SRG is a Georgia corporation with its principal place of business located at 4979 Old Highway 5, Canton, Cherokee County, Georgia, 30115. It may be served through its Registered Agent, David L. Walker, Jr. at 131 East Main Street, Canton, GA 30114.

5.

At all times relevant to this action, Defendant was an employer within the meaning of the ADAAA in accordance with 42 U.S.C. § 12111(5) and 29 U.S.C. § 2601 *et seq.*

6.

This Court has jurisdiction over the subject matter of this action under 28

U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.

Venue is proper in this Court because the events giving rise to this action occurred in this district and division, and Defendant conducts business in this district and division.

8.

The cause of action set forth in this Complaint arose within this jurisdiction.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 29, 2021.

10.

The EEOC issued a Notice of Right to Sue on October 25, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.

At all times relevant to this action, Plaintiff was a qualified individual within the meaning of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, et. seq.

13.

On or about September 12, 2018, Plaintiff was hired as a Team Coordinator for Defendant's Mitigation Team.

14.

Plaintiff has a mental impairment which limits one or more major life activities, including social interaction.

15.

During Plaintiff's hiring process, she truthfully acknowledged and disclosed her bipolar disorder diagnosis.

16.

Defendant was aware of Plaintiff's disability.

17.

At the time Plaintiff was hired, Mark Buckner was her immediate supervisor.

18.

In or around October 2020, Mr. Bucker was promoted to SRG's corporate office. Alex Rieke was hired as Plaintiff's new supervisor.

19.

Mr. Rieke immediately exhibited a different managerial style than that of Mr. Buckner. Nevertheless, Plaintiff was supportive in showing Mr. Rieke the inner workings of the office and supportive of his vision for the department.

20.

Plaintiff performed her duties in strict conformity with the processes and procedures SRG outlined for her. Plaintiff exercised limited independent judgment or control over the scope of her work or performance of her duties.

21.

Plaintiff's duties as a Team Coordinator were duties performed in specific compliance with written instructions and did not include the authority to supervise, hire, fire, or discipline any employees.

22.

In or around January 2021, Mr. Rieke began displaying a negative attitude toward Plaintiff, and would respond with short answers to inquiries or information

Page 5 of 14

related team updates.

23.

In or around February 2021, Plaintiff met with Mr. Rieke and Gregg Harris, Mr. Rieke's direct supervisor, to conduct her annual review. As with all previous reviews, Plaintiff received exceptional marks in all areas.

24.

Although Plaintiff received accolades for her performance during the review, it was at the end of the review that Mr. Rieke and Mr. Harris told Plaintiff, "We never know who we are going to get when we came in your office. You could be friendly, short, grumpy, or excited."

25.

Plaintiff became emotional and began crying. Although the information was readily available in her personnel file, Plaintiff disclosed her bipolar disorder disability to Mr. Rieke and Mr. Harris.

26.

Plaintiff advised Mr. Rieke and Mr. Harris that she would discuss with her therapist the possibility of adjusting her medication in an effort to stabilize her disability.

Page 6 of 14

27.

Mr. Rieke and Mr. Harris awarded Plaintiff a $1.00 raise in salary and the company's ACE Award for Excellent Customer Service.

28.

On or about May 4, 2021, Plaintiff was summoned into a meeting with Mr. Rieke, Human Resources Director Lindsey Roberson, and Nate Weathers, Mr. Harris' supervisor.

29.

Plaintiff was subsequently terminated on May 4, 2021 under the guise of numerous customer complaints. Plaintiff was not provided any susupporting information regarding the alleged customer complaints.

30.

Plaintiff was never given a verbal or written warning, placed on probation, or provided a performance inprovement plan.

31.

Plaintiff had been completing the essential duties of her position for the previous three years, and could have continued to do so with a reasonable accommodation.

32.

Plaintiff was discriminated and retaliated against and terminated due to her disability in violation of the ADAAA.

## COUNT I:
## VIOLATION OF TITLE VII AND THE ADAAA, AS AMENDED – FAILURE TO ACCOMMODATE

33.

The allegations contained in paragraphs 1 through 32 inclusive are hereby incorporated by reference.

34.

Plaintiff has a mentail impairment which limitis one or more major life activities including, but not limited to, social interaction.

35.

Plaintiff's mental impairment is a disability within the meaning of the ADAAA, as amended.

36.

Defendant was aware of Plaintiff's disability.

37.

Defendant recdeived notice of Plaintiff's disability on or about September 12,

2018.

38.

Plaintiff has a record of having a disability such that she is a person with a disability withing the meaning of the ADAAA, as amended.

39.

From the onset of her employment to the day of her termination, Plaintiff was capable of performing her job duties without any issues.

40.

From the onset of her employment to the day of her termination, Plaintiff never received any adverse write-ups, disciplinary actions, nor was placed on any performance improvement plans.

41.

From the onset of her employment to the day of her termination, Plaintiff was not allowed the opportunity to be placed in available suitable positions at the Defendant's company.

42.

During such time, Defendant involuntarily terminated Plaintiff in a discriminatory manner and refused to allow Plaintiff to continue in her former

position or any other position because of her disability, perceived disability, or record of having a disability.

43.

Defendant's May 4, 2021 termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff. Defendant terminated Plaintiff because of her disability, perceived disability, or record of having a disability.

44.

Although Defendant purports to provide a legitimate non-discrimatory reason fo the adverse action, this such adverse employment action by Defendant is a pre-text for disability discrimination and in violation of the ADAAA.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*

46.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

47.

As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, inconvenience, and other intangible injuries for all of which she should be compensated.

48.

Pursuant to the ADAAA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADAAA, as amended

## COUNT II:
## RETALIATION IN VIOLATION OF TITLE VII AND
## THE ADAAA, AS AMENDED

49.

The allegations contained in paragraphs 1 through 48 inclusive are hereby incorporated by reference.

50.

Plaintiff has a mental impairment which limits on or more major life activities

including, but not limited, to social interactions.

51.

Plaintiff's mental impairment is a disability within the meaning of the ADAAA, as amended.

52.

Defendant was aware of Plaintiff's disability.

53.

Defendant received notice of Plaintiff's disability on or about September 12, 2018.

54.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADAAA.

55.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

56.

Plaintiff disclosed sensitive details relating to her condition, and was terminated shortly thereafter.

57.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her disability.

58.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

59.

Defendant's retaliatory actions against Plaintiff were in violation of the ADAAA, as amended.

60.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

61.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62.

Pursuant to the ADAAA, as amended, Plaintiff is entitled to damages

including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**WHEREFORE**, Plaintiff prays for the following relief:

1) A trial by jury;

2) For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount being just;

3) An award of attorney's fees, costs, and expenses of litigation associated with this action pursuant to the ADAAA; and

4) All other relief that this Court deems just and proper.

Respectfully submitted this the 21st day of January 2022.

<u>/s/ Adeash Lakraj</u>
Adeash A.J. Lakraj
GA Bar No. 444848
alakraj@theleachfirm.com

**THE LEACH FIRM, P.A.**
631 S. Orlando Avenue
Suite 300
Winter Park, FL 32789
Telephone:  770-728-8478, Ext. 430
Facsimile:   833-423-5864
*Counsel for Plaintiff*